# Order

Michigan Supreme Court
Lansing, Michigan

June 30, 2021

162211 & (54)(55)

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

ALTON FONTENOT, JR.,
        Defendant-Appellant.

_____/

SC: 162211
COA: 350391
Oakland CC: 2019-175232-AR

On order of the Court, the motion to enlarge the record is GRANTED. The application for leave to appeal the September 10, 2020 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on the application. MCR 7.305(H)(1).

The appellant shall file a supplemental brief addressing: (1) whether the administrative logs documenting the routine inspection of the DataMaster machine used to determine the appellant's alcohol level, see Mich Admin Code R 325.2653(3), are testimonial and thus inadmissible under the Confrontation Clauses, US Const, Am VI; Const 1963, art 1, § 20; see *Crawford v Washington*, 541 US 36 (2004); *Melendez-Diaz v Massachusetts*, 557 US 305 (2009); *Bullcoming v New Mexico*, 564 US 647 (2011); *Williams v Illinois*, 567 US 50 (2012); and *People v Nunley*, 491 Mich 686 (2012); and (2) whether the logs are admissible pursuant to MRE 803(6), the business records exception to the hearsay rule. The appellant's brief shall be filed by October 25, 2021, with no extensions except upon a showing of good cause. In the brief, citations to the record must provide the appendix page numbers as required by MCR 7.312(B)(1). The appellee shall file a supplemental brief within 21 days of being served with the appellant's brief. A reply, if any, must be filed by the appellant within 14 days of being served with the appellee's brief. The motion to remand remains pending.

The National College of DUI Defense, the Criminal Defense Attorneys of Michigan, the Michigan Association of OWI Attorneys and the Michigan Medical Marihuana Association are invited to file supplemental briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2021



Clerk

t0623